

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| DRY BULK SINGAPORE PTE. LTD. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 2:19cv444 |
| v. ) | |
| ) | Electronically Filed |
| M/V ETERNITY SW (IMO 9425851) ) | |
| her engines freights, apparel ) | |
| appurtenances, tackle, etc., *in rem*, ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT

COMES NOW, Plaintiff DRY BULK SINGAPORE PTE. LTD. (hereinafter "Plaintiff" or "DRY BULK"), by and through undersigned counsel, and files this Verified Complaint, against Defendant M/V ETERNITY SW, *in rem*, (hereinafter "the Vessel"). Plaintiff alleges and pleads as follows:

### JURISDICTION AND VENUE

1. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is brought under the provisions of Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (hereinafter "Supplemental Rules"). This case is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the improper withdrawal of the Vessel from service and breach of the charter party agreement.

2. Venue is proper in the United States District Court for the Eastern District of Virginia pursuant to 33 U.S.C. § 1391(b)(2) because the M/V ETERNITY SW is or will soon be located in the judicial district.

3. Venue is proper in the Norfolk Division in the United States District Court for the Eastern District of Virginia because the M/V ETERNITY SW is in or will arrive in Norfolk, VA.

## THE PARTIES

4. At all times material hereto, Plaintiff DRY BULK was and still is a foreign corporation registered in Singapore.

5. At all times material hereto, Defendant M/V ETERNITY SW is a 32210 gross tonnage, bulk carrier, built in 2011, with IMO No. 9425851, with an International Call Sign of 3FRN2, and is now or will be within the Eastern District of Virginia and is subject to the jurisdiction and venue of this Honorable Court. The owner of the M/V ETERNITY SW is ETERNITY PESCADORES SA PANAMA care of SHIH WEI NAVIGATION CO LTD.

## FACTS

6. On or about July 27, 2018, DONG LIEN MARITIME S.A. PANAMA (hereinafter "DONG LIEN"), as disponent owner of the Vessel, and 24VISION CHARTERING SOLUTIONS DMCC, (hereinafter "24VISION"), as charterer, entered into a NYPE93 Time Charter Party agreement for 24VISION to charter the Vessel "for a period of about 12 to 15 months." *A copy of the Time Charter Party is attached hereto as*, **Exhibit 1**.

7. The Charter Party Agreement is governed by English law and is a maritime contract.

8. Pursuant to Clause 10 of the Time Charter Party, 24VISION agreed to make hire payments to DONG LIEN at an initial base rate of USD 12,500 per day. *See* **Exhibit 1**.

9. Pursuant to Clause 11(b), DONG LIEN provided a three (3) day grace period if 24VISION failed to make timely and regular hire payment. *See* **Exhibit 1**.

10. On or about March 9, 2019, as disponent owner of the Vessel, 24VISION entered into a sub-charter agreement with DRY BULK for DRY BULK to sub-charter the Vessel. *A copy of the Fixture Recap is attached hereto as **Exhibit 2**.*

11. The Fixture Recap incorporated and adopted the standard terms of the Time Charter Party. *See* **Exhibit 2**.

12. The Fixture Recap is governed by English Law and is a maritime contract.

13. DRY BULK agreed to make daily hire payments to 24VISION at the rate of USD 11,750 per day (less 3.75% address commission), plus a ballast bonus of USD 540,000 (less 3.75% address commission) for use of the Vessel up to and including November 15, 2019 and up to and including December 30, 2019 at USD 12,500 per day less 3.75% address commission. *See* **Exhibit 2**.

14. On or about April 12, 2019, 24VISION delivered the Vessel to DRY BULK.

15. On or about July 11, 2019, DRY BULK received a notice of lien from DONG LIEN which notified DRY BULK that 24VISION failed, neglected, and/or refused to pay charter hire to DONG LIEN. In addition, DONG LIEN provided notice that it was exercising its right under the Time Charter Party to place a lien on sub-freights and sub-hires.

16. Consistent with the notice of lien provided by DONG LIEN, DRY BULK agreed to make hire payments directly to DONG LIEN so that the Vessel could continue its voyage and trade.

17. At the time DRY BULK received the notice of lien, the Vessel was en route to Quebec, Canada to discharge cargo. The Vessel's next port of call was in Olam, Gabon.

18. While discharging of cargo was taking place in Quebec, on July 27, 2019, DONG LIEN withdrew the Vessel from DRY BULK's chartering service and declared the charter party with 24VISION cancelled.

19. The withdrawal of the Vessel from DRY BULK's chartering service caused DRY BULK to incur severe damages and losses.

20. The withdrawal of the Vessel from service caused DRY BULK to incur USD 550,306.33 in damages due to the failure of the Vessel to perform a voyage Dry Bulk had fixed with Olam of Singapore, from Montreal to Nigeria for its next fixture, as planned and sub-chartered for by DRY BULK. *A copy of the Fixture Recap is attached hereto as **Exhibit 3***.

21. Pursuant to the terms under the Fixture Recap, DRY BULK had one hundred (100) days left on its charter of the Vessel. As a result of the early withdrawal of the Vessel from service, DRY BULK reasonably anticipates additional lost profits and damages in the amount of USD 1,265,875. After completion of voyage with Olam, DRY BULK had scheduled to fix the Vessel to load from Brazil or Argentina grains for delivery to Indonesia, Bangladesh or China and to redeliver the Vessel. The anticipated duration of such voyage (including the ballast voyage from Nigeria to Argentina) was expected to be around 100 days at a rate at least equal to the one DRY BULK received to go from Montreal to Nigeria, which is giving a daily profit net of commissions of USD 12,658.75.

22. DONG LIEN's withdrawal of the vessel from service and 24VISION's breach of the charter party agreement caused DRY BULK to incur damages estimated to be no less than USD 1,816,181.44.

## REQUEST FOR RULE C ARREST AND
## ISSUANCE OF WARRANT OF ARREST

23. DRY BULK restates and re-alleges paragraphs 1 – 22 in the above foregoing Verified Complaint and for its *in rem* claims against the Vessel, avers as follows:

24. Despite DRY BULK's compliance with all obligations under the Time Charter Party, Fixture Recap, and notice of lien on sub-hire, DONG LIEN and 24VISION improperly withdrew the Vessel and/or breached the charter party agreement.

25. Plaintiff has a maritime lien on the M/V ETERNITY SW for the breach of charter party agreement and is entitled to arrest the Vessel in accordance with the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. *See E.A.S.T. v. M/V ALAIA*, 876 F.2d 1168 (5th Cir. 1989) (the ship caused the loss and can be called to the bar to make good on the loss).

26. Accordingly, DRY BULK seeks to arrest the M/V ETERNITY SW, with IMO 9425851, her engines, freights, apparel, appurtenances, tackle, etc. to enforce its maritime lien.

27. The Vessel is (or will soon be) within the Eastern District of Virginia in Norfolk, VA.

28. As the conditions of Rule C have been met, Plaintiff seeks an Order of Arrest in the amount of $1,816,181.44, plus security for costs. *See* Supplemental Rule E(5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interest, costs, and fees, etc.).

29. Plaintiff also seeks its applicable costs, fees, and interest in this matter. It is common in Rule C arrest cases for security to be set at one-half (1.5) times the fairly stated claim, and therefore Plaintiff seeks an Order of Arrest in the amount of **USD 2,724,272.16** (*see*

Supplemental Rule E(5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interests, costs, and fees, etc.)).

30. Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff DRY BULK prays as follows:

A. That Process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, be issued against Defendant, and the Defendant be cited to appear and answer the allegations of this Verified Complaint;

B. That this Honorable Court enter an Order of *in rem* arrest for M/V ETERNITY SW pursuant to Supplemental Rule C to enforce Plaintiff's maritime lien;

C. That judgment be entered against Defendant in the sum of **USD 1,816,181.44,** plus applicable interest, costs, and fees pled herein;

D. That the Court grant such other and further relief as it deems just, equitable, and proper.

Dated: August 23, 2019

Respectfully submitted,

_____
**Daniel T. Stillman (VSB No. 88774)**
**Patrick M. Brogan (VSB No. 25568)**
DAVEY | BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, VA 23510
Tel: 757.622.0100
Fax: 757.622.4924
Email: dstillman@dbmlawfirm.com
pbrogan@dbmlawfirm.com

*Attorneys for Plaintiff*

And

Chalos & Co, P.C.
Michael G. Chalos, Esq.
George M. Chalos, Esq.
Briton P. Sparkman, Esq.
55 Hamilton Ave.
Oyster Bay, NY 11771
Email: michael.chalos@chaloslaw.com
       gmc@chaloslaw.com
       bsparkman@chaloslaw.com
Tel: (516) 714-4300
Fax (516) 750-9051

*Pro Hac Vice Forthcoming*