

AUG 2 6 2019

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

DRY BULK SINGAPORE PTE. LTD. )
)
     Plaintiff, )
) Case No.: 2:19cv444
v. )
) Electronically Filed
M/V ETERNITY SW (IMO 9425851) )
her engines freights, apparel )
appurtenances, tackle, etc., *in rem*, )
)
     Defendant. )

## ORDER APPOINTING SUBSTITUTE CUSTODIAN

Upon the Motion of Plaintiff, DRY BULK SINGAPORE PTE. LTD., for the appointment of a Substitute Custodian for the M/V ETERNITY SW (IMO 9425851) (the "Vessel") in lieu of the United States Marshal in this case, and good cause appearing therefore, it is hereby:

ORDERED that the Plaintiff's Motion is granted, and the United States Marshal shall transfer custody of the M/V ETERNITY SW (IMO 9425851), immediately following her arrest and attachment, to the custody of the substitute custodian, National Maritime Services (hereinafter "National Maritime"); and it is further

ORDERED that Plaintiff herein in consideration of the United States Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the Vessel from the date of the transfer of possession of said Vessel to National Maritime; and it is further

ORDERED that the United States Marshal for the Eastern District of Virginia shall surrender the possession of the Defendant Vessel to the substitute custodian National Maritime upon executing the warrant in this action; and it is further

ORDERED that upon transfer of custody of the Defendant Vessel to the substitute custodian National Maritime by the United States Marshal, the Marshal shall not be liable for any loss occurring while said Vessel remains in the custody of the substitute custodian to the extent such loss is not covered by the Marshal's insurance made available to the substitute custodian; and it is further

ORDERED that all reasonable expenditures which may be incurred by the substitute custodian National Maritime, or by any party advancing funds to the substitute custodian National Maritime, in safekeeping and maintaining the Vessel while it is in *custodia legis*, including but not limited to, the costs of maintaining adequate insurance on the Vessel, towage, security, etc., while the Vessel is in *custodia legis*, shall be administrative expenses in this action and a first charge the Vessel herein, to be paid prior to the release of the Vessel or the distribution of the proceeds of its sale; and it is further

ORDERED that upon Plaintiff's deposit with the United States Marshal, which amount Plaintiff has represented the United States Marshal deems sufficient, liability insurance for National Maritime will be maintained through the insurance of the United States Marshal, which shall provide coverage for the protection of the Vessel, Plaintiff, and the substitute custodian, as may be applicable; and it is further

ORDERED that during *custodia legis* the substitute custodian National Maritime shall not permit changes to be made to the Vessel, except for routine maintenance required for the Vessel's safekeeping, or in emergency situations, without an Order of this

Court.

SIGNED at Norfolk, Virginia this 26 day of August 2019.

/s/

Henry Coke Morgan, Jr.

Senior United States District Judge

UNITED STATES DISTRICT COURT JUDGE