UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| DRY BULK SINGAPORE PTE. LTD.  )<br> )<br>     Plaintiff,                          )<br> )               Case No.: 2:19-cv-444<br>v.                                              )<br> )               Electronically Filed<br>M/V ETERNITY SW (IMO 9425851) )<br>her engines freights, apparel        )<br>appurtenances, tackle, etc., *in rem*,  )<br> )<br>     Defendant                        )<br> )<br>DONG LIEN MARITIME S.A. PANAMA  )<br> )<br>     Claimant | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR CLARIFICATION, RECONSIDERATION AND TO REDUCE THE AMOUNT OF COUNTER SECURITY AND REQUEST FOR EXPEDITED HEARING PURSUANT TO ADMIRALTY RULE E(4)(f)**

COMES NOW, Plaintiff Dry Bulk Singapore Pte, Ltd. ("Dry Bulk"), by counsel, and respectfully asks this court to: a) reconsider the requirement for Dry Bulk to pay charter hire in the amount of $513,720.00 directly to Dong Lien Maritime S.A. Panama ("Dong Lien") before Dong Lien is required to post its bond in the amount of $2,000,000 for the release of the M/V ETERNITY SW from its current arrest pursuant to Supplemental Rule C; b) re-consider the actual maximum amount of the lien Claimant, Dong Lien, is entitled to assert in this matter by way of counter-claim or otherwise in the amount of $316,631.34; and, c) adjourn the Friday, August 30th 12 o'clock Court imposed deadline for Dry Bulk to post counter-security in order to maintain the arrest of the Vessel for security purposes. (*See Order (Doc No. 17) dated August 29, 2019*)

## FACTS

Dong Lien is, and was, the disponent owner of the M/V ETERNITY SW (the "Vessel") and on July 27, 2018 entered into a time charter with 24Vision Chartering Solutions, DMCC ("24Vision") for a period of 12-15 months. That charter party and any disputes arising thereunder are subject to arbitration in London with English law as the choice of law of the parties. On March 9, 2019, after about eight months on the time charter, 24Vision entered into a sub-charter party with Dry Bulk for a period running through December 31, 2019, which is also subject to London arbitration and English law.

On or about July 11, 2018 as the Vessel was carrying cargo to Montreal, Canada, Dong Lien sent notice to Dry Bulk that 24Vision had failed to pay its charter hire under the Time Charter and Dong Lien was exercising a lien on the freight Dry Bulk owed 24Vision under the 24 Vision/Dry Bulk sub-charter. 24Vision also claimed a right to the freight from Dry Bulk who reasonably did not want to pay it twice. At or about the same time, Dong Lien's Singapore counsel sent a Notice of Lien to one of Dry Bulk's shippers which owed the sum of $220,000 to Dry Bulk in demurrage and other expenses. These amounts were indisputably due to Dry Bulk only and the Notice of Lien served on Nordic Bulk was to obtain security for any unpaid sub-freights that might be due to Dong Lien under the Dry Bulk/Vision 24 charter party. (See Notice of Lien from Stephenson Harwood dated July 12, 2019, attached hereto as Exhibit 1).

In an attempt to amicably resolve the dispute, Dry Bulk offered to make Dong Lien whole, including paying more than it owed to 24Vision, if Dong Lien agreed to allow Dry Bulk to use the Vessel for the remainder of its charter with 24 Vision, plus an additional six months to July, 2020. Negotiations between Dry Bulk and Dong Lien ensued thereafter. On the basis of such discussions, on July 24, 2019, as part of its usual course of business, Dry Bulk fixed another

cargo for the vessel after the cargo then on board was to be discharged in Montreal, which was expected to occur on or about August 9th. On July 27, 2019 Dong Lien surprisingly gave notice to Dry Bulk that it had withdrawn the Vessel from Dry Bulk's continued use under the 24 Vision/Dry Bulk charter from July 25 0015 hours Taiwan time. At the time of the withdrawal, the vessel had not completed the discharge of the Montreal cargo, which discharge completed on or about August 9, 2019.

## ANALYSIS

As we understand the Court's ruling and Order of August 29th, the Court requires Dry Bulk to pay directly to Dong Lien the sum of Five Hundred Thirteen Thousand Seven Hundred Twenty dollars (US$513,720), which was the amount Dry Bulk had earlier offered to pay Dong Lien in order to maintain the use of the Vessel to the conclusion of the time period set forth in the 24 Vision/Dry Bulk charter (through December 31, 2019). The Court has required Dry Bulk to pay this amount before the Claimant, Dong Lien, must post a $2 million security bond for the release of the Vessel. For the reasons more fully set forth below, Dry Bulk seeks a reduction of this amount to the sum of $316,631.34, which is the calculated maximum lien to which Dong Lien is entitled for unpaid hire under the 24 Vision/Dry Bulk charter. Additionally, upon paying that amount Dry Bulk seeks the withdrawal of Dong Lien's previous Notice of Lien to Nordic Bulk of approximately $220,000 of funds belonging to Dry Bulk, which amount Nordic Bulk is holding pursuant to the Dong Lein's Notice of Lien as security for the amount of the asserted lien for unpaid freight due and owing from 24 Vision to Dong Lien.

Dong Lien, through its counsel, had previously sent a Notice of Lien (see Exhibit 1 attached) to Nordic Bulk in respect to monies owed to Dry Bulk by Nordic Bulk for demurrage and other expenses in the approximate amount of $220,000 for delays associated with the

carriage of Nordic Bulk's cargo. This amount is indisputably owed to Dry Bulk. Dong Lien has attached these funds as security for the amount of the hire lien asserted against Dry Bulk as due and owing under the 24 Vision/Dry Bulk charter. If Dry Bulk were to post as counter-security (or pay directly to Dong Lien) the full amount of the hire lien due to Dong Lien, then continuing with the Notice of Lien for the demurrage amounts due to Dry Bulk would constitute a double payment of the hire lien amount due. Accordingly, if the Court were to order counter-security to be posted in the full amount of the hire lien, then Dong Lien must be required to release its Notice of Lien of the demurrage amounts due and owing to Dry Bulk from Nordic Bulk.

With respect to the maximum amount of the hire lien that Dong Lien can assert against Dry Bulk arising out of the 24 Vision/Dry Bulk charter, there were two charter hire payments due from Dry Bulk to 24 Vision under the charter in question which were unpaid before the Vessel was withdrawn by Dong Lien. These two payments are Charter hire statement #6 ("CH6") and Charter hire statement #7 ("CH7"), both of which are attached hereto as Exhibits 2 and 3, respectively. CH6 represents the charter hire for the use of the Vessel from June 26, 2019 until July 11, 2019 which hire due amounts to US$170,450.62. CH7 represents the charter hire for the use of the Vessel from July 11, 2019 until July 26, also equal to US$170,450.62. As Dong Lien withdrew the vessel from Dry Bulk's service as of July 25, 2019 at 0015 hours, the $24,269.90 in hire invoiced for the two additional days, July 25th & 26th must be subtracted from the total lien amount due under the 24 Vision/Dry Bulk charter. The maximum amount of the lien for sub-freights that Dong Lien would be entitled to receive from Dry Bulk would be the sum of $316,631.34, and not the amount of $513,720.00 ordered by the Court earlier today.

Leaving aside for the moment the critical issue of whether this Court has jurisdiction to order any payment of charter hire directly to a party under charter parties that are subject to

London arbitration and English law[1], there is a fundamental procedural issue at play here. Under Supplemental Admiralty Rule E of the Federal Rules of Civil Procedure (Admiralty Rule) this Court may require posting of counter security; however, such security is permitted only when the "person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action." Admiralty Rule E(7). In this case, the Court, respectfully, has erroneously reversed the order and intent of the Supplemental Rules. Requiring counter security to be paid before security is posted by Dong Lien runs counter to the Admiralty Rule authorizing counter security. Moreover, Dong Lien has not asserted any counter-claim in this action and has only made a restricted appearance. Consequently, under the circumstances, requiring the posting of countersecurity (or worse, requiring a payment directly to Don Lien) runs completely counter to the dictates and intent of the Supplemental Rules and the long line of cases that have interpreted such rules.

Notwithstanding the above arguments, Dry Bulk is prepared to post counter security in the amount of $316,631.34, provided it is allowed to post such security in the court registry or attorney escrow account to be held in trust pending the outcome and Award to be rendered in the London arbitration proceedings, and not be required to make payment directly to Claimant. Under Federal Rule of Civil Procedure Rule E(7)(a):

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given, unless the court directs otherwise.

---

[1] It should also be noted that Dong Lien has made a "Restricted" appearance in this action to file a Notice of Claim for the vessel. Accordingly, there is a serious legal issue as to whether Dong Lien is within the Court's jurisdiction in personam to be awarded any monies at all. See Dong Lien's Restricted Appearance in its Notice of Claim (*Docket Doc 10, dated August 28th*).

It is within the Court's discretion to set the amount of countersecurity. *Bennett Bros. Yacht, Inc. v. Lesser*, No. GJH-17-1871, 2017 U.S. Dist. LEXIS 185979, at * 3 (D. Md. Nov. 9, 2017) (citing *Spriggs v. Hoffstot*, 240 F.2d 76, 79 (4th Cir. 1957)) provided that the party seeking counter-security has filed a valid counterclaim in the first instance (which, of course, would require Dong Lien to make an in personam appearance in this Court, which it has not done). *Afram Lines Inern., Inc. v. M/V Capetan Yiannis*, 905 F.2d 347, 349-50 (11th Cir. 1990). Here no such counterclaim has been filed by Dong Lien, nor can it file any such claim other than for the maximum amount of its lien on the sub-freights that were due from Dry Bulk to 24 Vision (i.e. the sum of $316,631.34).

When ordering a Plaintiff and/or Defendant to post security and/or countersecurity, courts have ordered the parties to post countersecurity with the Registry of the Court or through an attorney escrow account. *See Bennett Bros. Yacht, Inc. v. Lesser*, No. GJH-17-1871, 2017 U.S. Dist. LEXIS 185979, at * 8 (D. Md. Nov. 9, 2017) (ordering plaintiff to post $70,000 in countersecurity in the Registry of the Court); *Silver Know Shipping LTD v. Euro Trust Trading*, No. 08 Civ. 10158, 2009 U.S. Dist. LEXIS 44107, at *9-10 (S.D.N.Y. May 7, 2009) (requesting that the parties notify the court whether security was been posted in "one or more escrow accounts" or whether the funds have been posted in the Registry of the Court).

Here, this Honorable Court does not have jurisdiction to order Plaintiff to pay countersecurity directly to Claimant under a charter party that is subject to arbitration under English law. Plaintiff does not object to the posting of countersecurity, and only objects to the payment of the funds directly to Claimant. Plaintiff respectfully requests that the Court reconsider its Order requiring Plaintiff to pay countersecurity directly to Claimant, and allow

Plaintiff to post countersecurity into the Registry of the Court once the Claimant has first posted acceptable bond security for the release of the Vessel.

As an alternative to the above, Dry Bulk respectfully submits the following proposal for the Court's consideration. Dry Bulk is prepared to pay the sum of $316,631.34 directly to Dong Lien provided: a) that Dong Lien first posts a bond in the amount of $2 million with acceptable terms and conditions as security for the pending London arbitration proceedings; b) that Dong Lien withdraws its Notice of Lien against Nordic Bulk for the demurrage amount indisputably due and owing to Dry Bulk; and c) once payment of the above stated amount is made directly to Dong Lien, that Dong Lien will withdraw its motion to vacate the arrest, with prejudice.

Lastly, Dry Bulk respectfully requests the Court to adjourn the Friday, August 30th 12 o'clock Court imposed deadline for Dry Bulk to post counter-security in order to maintain the arrest of the Vessel for security purposes pending a hearing on this Motion to Reconsider. (*See Order (Doc No. 17) dated August 29, 2019*). Given the fact that whatever funds the Court ultimately requires to be posted as counter-security, such funds must be wire transferred from Singapore to Norfolk. It will be virtually impossible to make any wire transfer in time to meet the deadline, especially, considering the fact that this weekend is a bank holiday weekend.

## CONCLUSION

Because the amount Dong Lien can assert as lien on sub-freights due under the 24 Vision/Dry Bulk charter party is limited to the two hire payments that were due and owing to 24 Vision in the amount of $316,631.34, Plaintiff respectfully request that this Court reduce the amount of any counter security to be posted to such amount once an acceptable bond is posted by Dong Lien in the amount of $2 million for the release of the Vessel. Such counter-security must

be posted in the Registry of the Court or in a joint attorneys' escrow account as more fully detailed above.

Alternatively, subject to the Court's approval, Dry Bulk is prepared to pay the sum of $316,631.34 directly to Dong Lien provided: a) that Dang Lien first posts a bond in the amount of $2 million with acceptable terms and conditions as security for the pending London arbitration proceedings; b) that Dang Lien withdraws its Notice of Lien against Nordic Bulk for the demurrage amount indisputably due and owing to Dry Bulk only; and c) once payment of the above stated amount is made directly to Dong Lien, that Dong Lien will withdraw its motion to vacate the arrest, with prejudice.

Lastly, for the reasons more fully set forth above, Dry Bulk respectfully requests the Court to adjourn the Friday, August 30th 12 o'clock Court imposed deadline for Dry Bulk to post counter-security in order to maintain the arrest of the Vessel for security purposes pending a hearing on this Motion to Reconsider.

Dated: August 29, 2019                                  Respectfully submitted,


                                                         /s/
                                                        Patrick M. Brogan (Va Bar 25568)
                                                        Daniel T. Stillman (Va Bar 88774)
                                                        Davey & Brogan P.C.
                                                        101 Granby Street, Suite 101
                                                        Norfolk, VA 23510
                                                        (T) (757) 622-0100
                                                        (F): (757) 622-4924
                                                        Email: pbrogan@dbmlawfirm.com
                                                                    dstillman@dbmlawfirm.com


And

Chalos & Co, P.C.
Michael G. Chalos, Esq.
George M. Chalos, Esq.
Briton P. Sparkman, Esq.
55 Hamilton Ave.
Oyster Bay, NY 11771
Email: michael.chalos@chaloslaw.com
         gmc@chaloslaw.com
         bsparkman@chaloslaw.com
Tel: (516) 714-4300
Fax (516) 750-9051

*Pro Hac Vice Forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Memorandum in Support of Plaintiff's Motion in reconsider and reduce counter security through cm/ECF to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 29th day of August:


\_\_\_\_/s/_____
Patrick M. Brogan (Va Bar 25568)
Davey & Brogan P.C.
101 Granby Street, Suite 101
Norfolk, VA 23510
(T) (757) 622-0100
(F): (757) 622-4924
Email: pbrogan@dbmlawfirm.com
*Attorneys for Plaintiff*